UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

NYEMA HUGHES, on Her Own Behalf and on Behalf of       :
Her Infant Daughter Z.P.,                              :
                                                       :
                                    Plaintiff,         :
                                                       :
              -against-                                :
                                                       :
THE CITY OF NEW YORK; CHARLES RODRIGUEZ,               :
Individually and in His Official Capacity; PAVEL GOMEZ,:
Individually and in His Official Capacity; and JOHN/JANE :
DOES, Nos. 1-10, Individually and in Their Official    :
Capacities (Members of the New York City Police        :
Department Whose Names Are Presently Unknown to        :
Plaintiff),                                            :
                                                       :
                                    Defendants.        :

------------------------------------------------------------------------x



**AMENDED COMPLAINT**

**Jury Trial Demanded**

**ECF Case**

13 Civ. 4664 (NRB) (GWG)

Plaintiff NYEMA HUGHES, on her own behalf and on behalf of her infant daughter Z.P.,

by her attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of her own and her

infant daughter Z.P.s civil rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth

Amendments to the United States Constitution.  Plaintiff also asserts supplemental claims under

New York law.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, and Fourteenth Amendments to the United States Constitution.

3.      The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331

and 28 U.S.C. § 1343.

4.    The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5.    Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6.    Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.    Plaintiff NYEMA HUGHES and her infant daughter Z.P. are residents of the City, County, and State of New York.

8.    Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York. The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9.    Defendant CHARLES RODRIGUEZ (Shield No. 1502) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Rodriguez was a sergeant assigned to PSA 5. Defendant Rodriguez is being sued in his individual and official capacities.

10.    Defendant PAVEL GOMEZ (Shield No. 417) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant Gomez was a police officer assigned to PSA 5. Defendant Gomez is being sued in his individual and official capacities.

11.     All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD. The Doe defendants include officers having shield numbers 269, 2890, 5500, and 5601. The Doe defendants are being sued in their individual and official capacities.

12.     At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties. At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

13.     At all relevant times herein, the individual defendants acted jointly and in concert with each other. Each individual defendant had the duty and the opportunity to protect plaintiff and Z.P. from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's and Z.P.'s injuries.

## STATEMENT OF FACTS

14.     On Saturday, June 9, 2012, in the late afternoon, plaintiff and her then three-year-old daughter Z.P. entered the courtyard in front of the apartment building at 1840 Lexington Avenue in Manhattan to visit plaintiff's aunt, who lived at that address. Plaintiff was not engaged in any criminal activity.

15.     As plaintiff and Z.P. walked towards the apartment building entrance, police officers arrested a mentally challenged man named "Kenny" for no apparent reason. A number of civilians, including plaintiff, began verbally protesting the arrest and videotaping the incident on their cell phones.

3

16.     In response to the verbal protests and videotaping, police officers started using pepper spray indiscriminately on civilians, knocking the cell phones out of civilians' hands, and pushing civilians away.

17.     Plaintiff and Z.P. were pepper sprayed, aggravating their severe asthma conditions.

18.     A police officer knocked plaintiff's cell phone out of her hand. Plaintiff was able to retrieve the phone from the ground before retreating with Z.P.

19.     Police officers pushed plaintiff as she walked backwards, holding Z.P.'s hand. As a result, plaintiff fell onto a metal fence, aggravating a pre-existing back injury.

20.     Defendants Rodriguez and Gomez were present at the time that police officers used pepper spray indiscriminately on plaintiff and Z.P. and pushed plaintiff. They either participated in these actions or had an opportunity to intervene to prevent the actions but failed to do so.

21.     Plaintiff continues to undergo physical therapy for the aggravation of her pre-existing back injury. Plaintiff also regularly takes medication to manage the pain from the aggravation of her pre-existing back injury. The pain is so severe that plaintiff sometimes must walk with a cane. Plaintiff may need back surgery.

22.     As a result of the foregoing, plaintiff and Z.P. sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation, and violation of their constitutional rights.

## FIRST CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

23.     Plaintiff repeats and realleges paragraphs "1" through "22" with the same force and effect as if they were fully set forth herein.

24.     Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force against plaintiff and Z.P., in violation of their right to be free from

4

unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Free Speech Claim Under 42 U.S.C. § 1983)

25.     Plaintiff repeats and realleges paragraphs "1" through "24" with the same force and effect as if they were fully set forth herein.

26.     Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for protesting and videotaping police misconduct, in violation of plaintiff's right to freedom of speech under the First and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

27.     Plaintiff repeats and realleges paragraphs "1" through "26" with the same force and effect as if they were fully set forth herein.

28.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff and Z.P., whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, in violation of plaintiff's and Z.P.'s rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

29.     Plaintiff repeats and realleges paragraphs "1" through "28" with the same force and effect as if they were fully set forth herein.

30.    The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

31.    The foregoing customs, policies, practices, procedures, rules, and usages included, but were not limited to, the indiscriminate and unnecessary use of pepper spray on civilians.

32.    The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following recent civil rights actions filed against the City:

    (a)    **Marilyn Taylor v. The City of New York**, United States District Court, Eastern District of New York, 13 CV 1668;

    (b)    **Chelsea Elliot and Jeanne Mansfield v. The City of New York**, United States District Court, 12 CV 0992;

    (c)    **Damien Crisp v. The City of New York**, United States District Court, Southern District of New York, 12 CV 5842;

    (d)    **Julie Lawler v. The City of New York**, United States District Court, Southern District of New York, 12 CV 5843; and

    (e)    **Kelly Hanlin v. The City of New York**, United States District Court, Southern District of New York, 12 CV 5844.

33.    The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

34.    The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

35.    The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

36.    The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

6

## Supplemental State Law Claims

37.     Plaintiff repeats and realleges paragraphs "1" through "36" with the same force and effect as if they were fully set forth herein.

38.     Within ninety (90) days after plaintiff's state law claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

39.     More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City.  The City has wholly neglected or refused to make an adjustment or payment thereof.

40.     This action was commenced within one (1) year and ninety (90) days after the claims accrued.

41.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

## FIFTH CLAIM FOR RELIEF

### (Assault Under New York Common Law)

42.     Plaintiff repeats and realleges paragraphs "1" through "41" with the same force and effect as if they were fully set forth herein.

43.     Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

## SIXTH CLAIM FOR RELIEF

### (Battery Under New York Common Law)

44.     Plaintiff repeats and realleges paragraphs "1" through "43" with the same force and effect as if they were fully set forth herein.

45.     Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

## SEVENTH CLAIM FOR RELIEF

### (Free Speech Claim Under the New York State Constitution)

46.     Plaintiff repeats and realleges paragraphs "1" through "45" with the same force and effect as if they were fully set forth herein.

47.     Defendants, acting in concert and within the scope of their authority, retaliated against plaintiff for protesting and videotaping police misconduct, in violation of plaintiff's right to freedom of speech under Article I, Section 8 of the New York State Constitution.

## EIGHTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Common Law)

48.     Plaintiff repeats and realleges paragraphs 1 through "47" with the same force and effect as if they were fully set forth herein.

49.     The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## NINTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Common Law)

50.     Plaintiff repeats and realleges paragraphs 1 through "49" with the same force and effect as if they were fully set forth herein.

51.     The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## TENTH CLAIM FOR RELIEF

52.     Plaintiff repeats and realleges paragraphs 1 through "51" with the same force and effect as if they were fully set forth herein.

53.     The City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A)     Compensatory damages in an amount to be determined at trial;

(B)     Punitive damages in an amount to be determined at trial;

(C)     Reasonable attorney's fees and costs of this litigation; and

(D)     Such other relief as this Court deems just and proper.

Dated:          Brooklyn, New York
                November 8, 2013

                                        Respectfully submitted,

                                        Robert T. Perry
                                        _____
                                        ROBERT T. PERRY (RP-1199)
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (212) 219-9410

                                        *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

NYEMA HUGHES, on Her Own Behalf and on Behalf of  :
Her Infant Daughter Z.P.,

             :

                      Plaintiff,      :

             :

       -against-             :

             :

THE CITY OF NEW YORK; CHARLES RODRIGUEZ,  :       13 Civ. 4664 (NRB) (GWG)
Individually and in His Official Capacity; PAVEL GOMEZ,  :
Individually and in His Official Capacity; and JOHN/JANE  :
DOES, Nos. 1-10, Individually and in Their Official    :
Capacities (Members of the New York City Police      :
Department Whose Names Are Presently Unknown to    :
Plaintiff),                           :

             :

                  Defendants.    :

-------------------------------------------------------------------------------x

# AMENDED COMPLAINT

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*